IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth Cardwell, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:14-cv-246 |
| Deputy Warden Bradley, et al., | : | JUDGE JAMES L. GRAHAM |
| | | Magistrate Judge Kemp |
| Defendants. | : | |

REPORT AND RECOMMENDATION
AND ORDER

This is a pro se prisoner civil rights action brought by Kenneth Cardwell, a former inmate who was housed at Warren Correctional Institution during the time relevant to this action. Mr. Cardwell alleges that prison officials failed to protect him from being assaulted on two occasions and improperly delayed his medical care after he was assaulted. This matter is currently before the Court on several motions. More specifically, currently before the Court are a motion for judgment on the pleadings filed by Defendant Yates (Doc. 22) and a motion for summary judgment filed by Mr. Cardwell (Doc. 17). Mr. Caldwell also filed the following discovery motions: a motion for admission Captain Yates (Doc. 18), a motion for discovery (Doc. 24), a motion for admissions from Officer J. Stevens (Doc. 27), a motion for interrogatories from Defendant Stevens (Doc. 28), a motion for interrogatories from Defendant Yates (Doc. 29), a motion for interrogatories (Doc. 31), a motion for discovery (Doc. 32), and a motion for admissions (Doc. 33). Finally, Mr. Cardwell filed a motion for appointment of counsel. (Doc. 23). For the reasons set forth below, the Court will recommend that the motion for judgment on the pleadings filed by Defendant Yates be granted and the motion for summary judgment filed by Mr.

Cardwell be denied. In addition, the Court will deny Mr. Cardwell's discovery motions and his motion to appoint counsel.

## I. Background

On March 12, 2014, Mr. Cardwell filed a civil rights complaint against Defendants Deputy Warden Bradley, Warden Oppy, Officer B. Kearns, Officer J. Stevens, and Lieutenant Yates. Mr. Cardwell alleges that, while in prison, his life was threatened by inmate Coleman and his fellow gang members. In response to the threats made against him, Mr. Cardwell sent two written requests – first to Deputy Warden Bradley and next to Warden Oppy – seeking protection. Mr. Cardwell has attached these written requests to the complaint. Mr. Cardwell asserts that both Deputy Warden Bradley and Warden Oppy ignored his written requests and took no action in response. Thereafter, Mr. Cardwell was assaulted on two occasions.

Mr. Cardwell alleges that, on February 4, 2013, Mr. Coleman came running from behind him and struck him in the back of the head with a lock in a sock. Mr. Cardwell chased after Mr. Coleman, but he was unable to catch him. Mr. Cardwell alleges that, during the chase, Mr. Coleman and Mr. Cardwell ran past an attended guard shack; however, no guard stopped to intervene or provide him with medical assistance. A corrections officer eventually stopped Mr. Caldwell after observing blood on Mr. Cardwell's face and clothing. That corrections officer took Mr. Cardwell to the prison infirmary, where he was treated and admitted overnight. Later that evening, two lieutenants asked Mr. Cardwell to look at computer mug shots in order to identify the individual who struck him. Mr. Cardwell identified Mr. Coleman as the individual responsible for his injury.

Mr. Cardwell further alleges that, on July 9, 2013, inmates Rhumani and Smallwood assaulted him while in segregation. Mr. Cardwell alleges that the inmates were permitted unescorted

movement with their hands cuffed in front while in segregation, which allowed Mr. Rhumani and Mr. Smallwood to use their cuffs as a weapon in an assault on him. Mr. Cardwell alleges that, after he was struck and injured by inmates Rhumani and Smallwood, Officer B. Kearns and Officer J. Stevens delayed his medical treatment. Mr. Cardwell was ultimately transported to the hospital, where he received sutures above his right eye.

Mr. Cardwell asserts that, one or two days later, he met with Lieutenant Yates, the supervisor in segregation at the time of the assault. Lieutenant Yates asked Mr. Cardwell to write a confidential statement about the events leading up to the assault and during the assault. Mr. Cardwell alleges that he did so. Mr. Cardwell further alleges that, after Lieutenant Yates reviewed the security tape of the incident, he informed Mr. Cardwell that he "concur[red] 100% with the way [Mr. Cardwell]" had described in the events in question.

## II. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings filed under Fed. R. Civ. P. 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979). In ruling upon such a motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). The same rules which apply to judging the sufficiency of the pleadings apply to a Rule 12(c) motion as to a motion filed under Rule 12(b)(6); that is, the Court must separate factual allegations from legal conclusions, and may consider as true only those factual allegations which meet a threshold test for plausibility. See,

e.g., Tucker v. Middleburg-Legacy Place, LLC, 539 F.3d 545 (6th Cir. 2008), citing, inter alia, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007).  Further, because Mr. Cardwell is without counsel, his complaint must be liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  It is with these standards in mind that the motion for judgment on the pleadings must be decided.

    Defendant Yates moved for judgment on the pleadings on the ground that Mr. Cardwell's complaint does not state a plausible claim for claim for relief against him.  Mr. Cardwell did not respond to the motion.  In the complaint, Mr. Cardwell alleges that Defendant Yates "should be held directly and indirectly liable due to his scare [sic] presence at segregation most of the time unavailable for things only he as a supervisor can tend to concerning the needs inmates [sic] in segregation...." (Doc. 1 at 7).  This allegation is insufficient to state a claim against Defendant Yates.  "[L]iability under §1983 must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act.'"  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), quoting Salehpour v. University of Tennessee, 159 F.3d 199, 206 (6th Cir. 1998).  Accordingly, a supervisory official who did not participate directly in an alleged constitutional violation may be held liable under 42 U.S.C. §1983 only in very specific situations, and simply being the supervisor at the time an alleged constitutional violation takes place is not one of them.  See Monell v. Department of Soc. Servs., 436 U.S. 658 (1978); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Because Mr. Cardwell fails to allege that Defendant Yates had personal involvement in the alleged constitutional violation in that he actively engaged in unconstitutional behavior, the Court will recommend that the motion for judgment on the pleadings be granted.  (Doc. 22).

### III. Motion for Summary Judgment

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). "[I]f the evidence is insufficient to reasonably support a jury verdict in favor of the nonmoving party, the motion for summary judgment will be granted." Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 150 (6th Cir. 1995)(citation omitted). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.

It is with these standards in mind that the instant motion must be decided.

Mr. Cardwell filed his motion for summary judgment on December 17, 2014. (Doc. 17). In the motion, Mr. Cardwell reiterates the facts set forth in the complaint, adds additional detail to some of those facts, and discusses his requests for discovery. He also attaches duplicates of documents attached to the complaint and the answer filed by Defendants Stevens and Yates. Mr. Cardwell's motion was filed before he effected service on Deputy Warden Bradley. Consequently, only Defendants Stevens and Yates, the two Defendants who had been served at the time, responded to the motion. Because the Court recommends granting the motion for judgment on the pleadings filed by Defendant Yates, the Court need only consider the motion for summary judgment and the opposition as they apply to Defendant Stevens.

In his opposing memorandum, Defendant Stevens states that discovery had not yet commenced at the time that Mr. Cardwell filed his motion, and he points out that he denied material allegations of Mr. Cardwell's complaint in his answer. Defendant Stevens argues that Mr. Cardwell presents no evidence to support his claim against him based on delayed medical treatment and does not explain how any delay injured him. Thus, Defendant Stevens argues that Mr. Cardwell has failed to present sufficient evidence to demonstrate that there is no genuine issue as to any material fact and, consequently, he not entitled to judgment as a matter of law. In reply, Mr. Cardwell again reiterates the facts set forth in his complaint. (Doc. 26). He also discusses outstanding issues pertaining to service in this case.

"To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." Salehpour, 159 F.3d at 206 (internal quotations and citations omitted). In this case, Mr. Cardwell's claim is rooted in a prisoner's Eighth Amendment right to be free from cruel and unusual punishment.

In order to establish that a prisoner has been deprived of the right to adequate medical treatment, he must demonstrate that "(1) 'the deprivation alleged [is], objectively, sufficiently serious' such that the inmate 'is incarcerated under conditions posing a substantial risk of serious harm'; and (2) the prison official subjectively demonstrates 'deliberate indifference to inmate health or safety.'" Grabow v. County of Macomb, 580 Fed. Appx. 300, 307 (6th Cir. Aug. 29, 2014), quoting Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994) (alteration in original). Thus, the constitutional standard has both an objective and a subjective component, focusing not only on how serious the prisoner's medical needs were, but also how the defendant understood those needs and what he did to address them. See Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001). Further, in order to establish a claim for delayed medical treatment, an inmate who alleges that such a delay "rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." Napier v. Madison County, Ky., 238 F.3d 739, 742 (6th Cir. 2001). There are, however, exceptions to this requirement. As the Court of Appeals has observed, where the serious need for medical care would be obvious even to a layman, a plaintiff need not present verifying medical evidence. Blackmore v. Kalamazoo County, 390 F.3d 890, 899-900 (6th Cir. 2004). Finally, to the extent that Mr. Cardwell has alleged a claim under the Due Process Clause of the Fourteenth Amendment, that claim is redundant of the Eighth

Amendment claim and need not be considered because "the Due Process Clause affords [prison inmates] no greater protection than does the Cruel and Unusual Punishment Clause." Stewart v. Wilkinson, No. 2:03-cv-0687, 2008 WL 2674843, *9 (S.D. Ohio July 7, 2008), quoting Whitley v. Albers, 475 U.S. 312, 327 (1986) and citing Lee v. Baker, 1999 WL 282652 at *1 (6th Cir. Apr. 30, 1999).

Here, Mr. Cardwell fails to produce evidence establishing that his medical treatment was indeed delayed, nor has he produced verifying medical evidence to establish the detrimental effect of the alleged delay. Alternatively, Mr. Cardwell fails to produce evidence that his serious need for medical care was so obvious even to a layman that he need not present verifying medical evidence. Consequently, the Court will recommend that the motion for summary judgment be denied. (Doc. 17).

## IV. Discovery Motions

Mr. Cardwell has filed the following as discovery motions: a motion for admission from Captain Yates (Doc. 18), a motion for discovery (Doc. 24), a motion for admissions from Officer J. Stevens (Doc. 27), a motion for interrogatories from Defendant Stevens (Doc. 28), a motion for interrogatories from Defendant Yates (Doc. 29), a motion for interrogatories (Doc. 31), a motion for discovery (Doc. 32), and a motion for admissions (Doc. 33).

These "motions" do not appear to be, in fact, motions. Instead, they appear to be Mr. Cardwell's actual discovery requests served on Defendants. If Mr. Cardwell intended them to be motions, they are clearly premature. A motion to compel discovery may not be filed until the opposing party has failed or refused to produce the requested discovery, and the party who served the discovery then engages in an extrajudicial effort to resolve the parties' disagreement. Fed. R. Civ. P. 37(a)(1)("The motion must include a certification that the movant has in good

8

faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). The motions will therefore be denied, but to the extent that the motions are actually discovery requests, the denial of the motions does not relieve properly served Defendants of their obligation to respond to the requests.

### V. Motion for the Appointment of Counsel

Mr. Cardwell also has requested the appointment of counsel. (Doc. 23). As a preliminary matter, the Court notes that it does not have the power to appoint counsel to serve in this case unless counsel is also willing to serve. The Court's power under 28 U.S.C. §1915(e)(1) is limited to requesting that an attorney represent an in forma pauperis litigant. Mallard v. United States District Court, 490 U.S. 296 (1989). In determining whether to request that an attorney represent Mr. Cardwell, the Court is guided by the following principles.

In prisoner litigation, counsel is appointed only in an exceptional case, and such appointment is not appropriate when the likelihood of the prisoner's success on the merits is highly dubious. Willett v. Wells, 469 F. Supp. 748 (E.D. Tenn. 1977), aff'd 595 F.2d 1227 (6th Cir. 1979). Such an exceptional case exists when "denial of proper representation would result in fundamental unfairness impinging upon the prisoner's due process rights...." Childs v. Duckworth, 705 F.2d 915 (7th Cir. 1983), cited with approval in Mars v. Hanberry, 752 F.2d 254 (6th Cir. 1985). In Childs, the Court identified the following factors to be considered: (1) whether the plaintiff's claim appears to be meritorious; (2) the plaintiffs ability to investigate the factual matters at issue; (3) whether the case is highly dependent upon effective cross-examination, such as where proper resolution depends upon determining which of several witnesses is being truthful; (4) whether the plaintiff appears capable of presenting the evidence in a coherent fashion; and (5) the complexity of the factual and legal issues presented. See also

Maclin v. Freake, 650 F.2d 885 (7th Cir. 1981), stating that the existence of a colorable claim is only a threshold which must be passed in order to permit the Court to consider requesting that counsel serve, and that, even in a case where the plaintiff's claim is colorable, if the plaintiff is able to make an investigation, the testimony will not be substantially in conflict, and the plaintiff can present the evidence, counsel need not be appointed.

Because this action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiff's claim, the motion for appointment of counsel will be denied. Mars v. Hanberry, 752 F.2d 254 (6th Cir. 1985).

## VI. Conclusion

Based upon the foregoing, the Court recommends that the motion for judgment on the pleadings be granted (Doc. 22) and the motion for summary judgment be denied (Doc. 17). Further, the following discovery motions are denied: the motion for admission Captain Yates (Doc. 18), the motion for discovery (Doc. 24), the motion for admissions Officer J. Stevens (Doc. 27), the motion for interrogatories from Defendant Stevens (Doc. 28), the motion for interrogatories Defendant Yates (Doc. 29), the motion for interrogatories (Doc. 31), the motion for discovery (Doc. 32), and the motion for admissions (Doc. 33). Finally, Mr. Cardwell's motion for appointment of counsel also is denied (Doc. 23).

## VII. Procedure on Objections

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

### Procedure on Objections to Order

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/Terence P. Kemp
United States Magistrate Judge